# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2010

No. 09-60383
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD MOORE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:05-CR-18-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Moore, federal prisoner # 12153-042, was convicted of possession of child pornography and now appeals the denial of his new-trial motion based on newly discovered evidence. He also moves for the appointment of counsel and to expedite his appeal or, in the alternative, for bail pending appeal. Moore argues that he is entitled to a new trial based on the recently obtained affidavit testimony and alleged confession of Sophian Blanc. We review the district court's ruling for an abuse of discretion. *See United States v. Holmes*, 406 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

337, 359 (5th Cir. 2005). To be entitled to a new trial on the basis of newly-discovered evidence, Moore must show: "(1) the evidence is newly discovered and was unknown to him at the time of trial; (2) the failure to discover the evidence was not due to his lack of diligence; (3) the evidence is not merely cumulative or impeaching, but is material; and (4) the evidence would probably produce an acquittal." *Id.*

For the first time on appeal, Moore has adduced a letter purportedly written by Blanc, which Moore construes as a confession to the offense for which Moore was convicted. However, we "may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the [court below] at the time of the challenged ruling." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). That evidence is therefore not considered.

The only "new evidence" properly before this court is Blanc's affidavit, in which Blanc states that another foreign exchange student, Holger Setzer, viewed and downloaded the images of child pornography on Moore's computer. Our review of the trial record reveals that Blanc's affidavit testimony is cumulative of defense witness testimony suggesting that the images on Moore's computer were viewed and downloaded by Setzer. Justin Peters, a friend of Blanc and Setzer, testified that he witnessed Setzer access pornographic websites featuring images of "underage girls" on Moore's computer. Peters further testified that Setzer digitally created one of the images of child pornography introduced at trial by the Government. Another defense witness, Elbert Hudson, testified that he witnessed Setzer visit pornographic websites of all types: "girls, guys, young, old." Moore points to nothing unique about Blanc's knowledge that might be different from the eyewitnesses to Setzer's conduct who did testify. In short, Blanc's affidavit testimony duplicates testimony already introduced to—and rejected by—the jury. As such, Moore has not shown that he was entitled to a new trial on the basis of newly-discovered evidence. *See Holmes*, 406 F.3d at

2

359. Consequently, the district court's ruling was not an abuse of discretion. *See id.*

AFFIRMED; MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXPEDITED APPEAL OR, ALTERNATIVELY, BAIL PENDING APPEAL DENIED.